UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA J. GOFF,

    Plaintiff,

    v.

HOLLAND AMERICA LINE, INC., *et al.*,

    Defendants.

Case No. C06-1789RSL

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #7) filed by defendants Holland America Line, Inc., Holland America Line–USA Inc., HAL Nederland N.V., and Holland America Line N.V. (collectively, "Holland America"). Plaintiff was a passenger on one of defendants' cruises when she suffered a serious injury from a fall during an aerobics class. Defendants seek dismissal of plaintiff's only claim, for negligence, because she lacks any admissible evidence that defendants were negligent.

For the reasons set forth below, the Court grants defendants' motion.

## II. DISCUSSION

**A.    Background Facts.**

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

On December 19, 2005, plaintiff, along with her husband and adult son, were aboard the cruise ship MAASDAM en route to Half Moon Cay in the Caribbean. In the morning, plaintiff attended a "step" aerobics class, which involved participants stepping on and off of a plastic step. Plaintiff arrived late to class, retrieved a step, placed it on the floor, and began stepping. After stepping for approximately four minutes, plaintiff fell backward, landed on the step behind her, and tragically sustained a compression fracture to her back. During her deposition, plaintiff explained that "when [she] went to step back, the step just wasn't there, and [she] fell flat on [her] back across the step behind" her. Plaintiff's Deposition at p. 30. She explained, "It happened so quickly, it–I don't know what happened exactly." Id. at p. 34. Prior to the cruise, plaintiff had participated frequently in step aerobics classes.

**B.     Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.     Analysis.**

As an initial matter, in her memorandum, plaintiff requested a continuance to depose the aerobics instructor and the individual who investigated her accident. After the Court granted her request, plaintiff's counsel submitted a letter explaining that he had previously informed opposing counsel, but not the Court, that plaintiff did not plan to take those depositions. Plaintiff withdrew her request for a continuance. Accordingly, this matter is now ripe for adjudication.

To recover for negligence, a plaintiff must establish: (1) duty; (2) breach; (3) causation;

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

and (4) damages. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1070 (9th Cir. 2001). The parties dispute the appropriate standard of care. As the Ninth Circuit has explained, "a shipowner owes a duty of reasonable care to those aboard the ship who are not crew members." In re Catalina Cruises, Inc., 137 F.3d 1422, 1425 (9th Cir. 1998) (citing Kermarec v. Campagnie Generale Transatlantique, 358 U.S. 625, 630 (1959)).[1] When the risk is great, for example because of high seas, "an increased amount of care and precaution is reasonable." Id. at 1425-26. In this case, unlike in Catalina Cruises, there is no evidence that the seas were unusually rough. On that morning, according to the ship's log, the weather was "good," the sea was "smooth," and the swell was "none." Declaration of Captain Adrianus van der Loo, (Dkt. #10) ("Captain van der Loo Decl."), Ex. A.

      Plaintiff relies on several points which are either inadmissible or fail to show that the seas were rough on the morning she was injured. For example, plaintiff notes that "rough seas" were reported *the day before* her accident. Declaration of Michael Myers, (Dkt. #12), Ex. D. Although plaintiff argues that the vessel felt "a little tippy" to her, she does not opine, nor does she have a basis to do so, that the ship's movements were unusual for a vessel at sea. Plaintiff's Dep. at p. 52; see also Declaration of Donald Goff, (Dkt. #13) (stating that while he was using the treadmill during his mother's aerobics class, he "could feel the ship moving up and down"). Plaintiff has also submitted a declaration from a research meteorologist who opines that the sea swells were much higher than reported by the captain. Declaration of Nicholas Bond, Ph.D., (Dkt. #15). Dr. Bond, however, apparently did not consider the ship's exact coordinates because he did not know the vessel's longitude. His opinion on the condition of the seas therefore lacks a proper foundation. Plaintiff also argues that "the turbulent seas caused the vessel to roll so much that even the aerobics instructor had difficulty balancing (evidenced by her exclamation,

---

[1] Plaintiff relies on two Ninth Circuit cases decided prior to or contemporaneously with Kermarec to argue that a higher standard of care applies. As set forth above, however, more recent cases have stated that the standard is one of reasonable care under the circumstances.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

1 'whoops')." Plaintiff's Opposition at p. 2.  Plaintiff has not provided anything other than her
2 own speculation about why the instructor said "whoops."  She had an opportunity to take the
3 instructor's deposition but chose not to do so.  Plaintiff has not shown that the seas were
4 unusually rough or any other basis for holding defendants to a higher standard of care.

5        The Court therefore considers whether defendants breached their duty of reasonable care
6 under the circumstances.  Plaintiff offers several theories.  First, she argues that the equipment
7 was placed too closely together.  However, plaintiff, who had a lot of experience with step
8 aerobics classes, placed the step herself.  In addition, she has not presented any evidence to
9 show that the steps were too close together.[2]

10        Second, plaintiff speculates that her injury may have occurred because the room was
11 overcrowded.  However, she does not know how many people were in the room.  Plaintiff's
12 Dep. at p. 18.  Furthermore, she cannot explain how the alleged overcrowding caused her to fall.
13 For example, she did not collide with any of the other participants.  Instead, during her
14 deposition, she speculated that if there had been fewer participants, they "could have made
15 [their] movements bigger."  Plaintiff's Dep. at pp. 54-55.  However, she never argues that she
16 fell because she felt constrained or had to make small movements.

17        Third, plaintiff argues that the movement of the ship caused her to fall.  As set forth
18 above, the vessel was not moving through rough seas.  Mr. Perez has opined that a step aerobics
19 class should be conducted on a stationary surface and not while the vessel is rolling.  Perez Decl.
20 at ¶ 7.  However, although plaintiff and her son have stated that they could feel the vessel

---

[2] Plaintiff has submitted a declaration from a personal fitness trainer who opined that the steps were too close together and the room was overcrowded.  Declaration of Ramon Perez, (Dkt. #14) ("Perez Decl.") at ¶ 8.  Mr. Perez based his opinion on an assumption that there were fifteen participants in the class.  However, plaintiff could not recall how many participants were in the class, and estimated that there were approximately fifteen.  Plaintiff's Dep. at p. 18.  The instructor has stated that only twelve steps were available, so the class could have included a maximum of twelve participants.  Declaration of Arlene Pinheiro, (Dkt. #17) at ¶ 2.  Therefore, Mr. Perez's opinion would not be proper expert testimony.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

1 moving, there was no evidence that it was rolling.  According to the captain of the vessel, a
2 vessel the size of the MAASDAM[3] does not roll while sailing on smooth seas with no swell.
3 Captain van der Loo Decl. at ¶ 4.  Mr. Perez essentially opines that it is negligence as a matter of
4 law to conduct an aerobics class on a vessel like the MAASDAM while it is moving.  If that
5 were so, seemingly, it would be negligent to allow passengers to conduct a broad range of
6 everyday activities on a moving vessel.  Regardless, Mr. Perez has no experience with
7 conducting aerobics classes at sea, no personal knowledge of the vessel's classes or its facilities,
8 and no knowledge of the sea conditions on the day of the accident.

Finally, in plaintiff's deposition, she stated that she did not know what caused her fall.  Her unsupported speculation cannot defeat the motion for summary judgment.  See, e.g., Roley v. New World Pictures, Ltd., 19 F.3d 479, 482 (9th Cir. 1994) (explaining that "naked allegations and speculation" are insufficient to preclude summary judgment)

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #7).  The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.


DATED this 7th day of November, 2007.



*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] The MAASDAM is 720 feet long.  Captain van der Loo Decl. at ¶ 4.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5